

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-22-2008

# USA v. McIntosh

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2744

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. McIntosh" (2008). *2008 Decisions.* Paper 508.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/508

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No:  07-2744

UNITED STATES OF AMERICA

v.

RICHARD MCINTOSH,

Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 06-CR-233
District Judge: The Honorable Nora B. Fischer

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 9, 2008

Before: SCIRICA, *Chief Judge*, McKEE and SMITH, *Circuit Judges*

(Filed: September 22, 2008)

OPINION

SMITH, *Circuit Judge*.

A grand jury indictment charged Richard McIntosh with being a felon in

possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  McIntosh moved to

suppress certain statements and the firearm.  In a thorough and well-reasoned

1

memorandum opinion, the United States District Court for the Western District of Pennsylvania denied McIntosh's motion to suppress. Thereafter, a jury convicted McIntosh of the offense charged. The District Court sentenced McIntosh to, *inter alia*, 33 months of imprisonment. McIntosh appealed, contending that the District Court erred by denying his motion to suppress.[1]

This Court reviews the legal determinations of a district court ruling on a suppression motion, including the existence of reasonable suspicion, under a de novo standard. *Ornelas v. United States*, 517 U.S. 690, 691 (1996); *United States v. Goodrich*, 450 F.3d 552, 557 n.5 (3d Cir. 2006). The factual findings are reviewed for clear error. *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002).

McIntosh contends that the District Court erred at each step in its analysis by concluding that: the agents had a reasonable suspicion to support their investigatory stop; the pat-down was constitutionally permissible; McIntosh was not in custody while speaking to the agents on the sidewalk, or during the short ride to McIntosh's home; McIntosh's statements prior to being Mirandized[2] were voluntary; and consent to search the house was also voluntary. We find neither legal nor factual error.

We agree with the District Court that the agents had a reasonable suspicion to support the investigatory stop. *See United States v. Hensley*, 469 U.S. 221, 229 (1985);

---

[1]The District Court had jurisdiction under 18 U.S.C. § 3231. Appellate jurisdiction exists under 28 U.S.C. § 1291.

[2]*See Miranda v. Arizona*, 384 U.S. 436 (1966).

*United States v. Brown*, 448 F.3d 239, 244 n.7 (3d Cir. 2006). The evidence of record established that the agents had been informed by another participant in the robbery that McIntosh was involved in the robbery of a pawn shop. In light of the fact that six of the stolen firearms were still unaccounted for and that the other robber was in custody, there was also a reasonable suspicion that McIntosh had possession of one or more of these firearms and may have been attempting to dispose of them. These circumstances further justified the protective pat-down.

McIntosh asserts that his statements and the firearm should have been suppressed because he was seized by the police on the street and interrogated without the benefit of being Mirandized. McIntosh fails, however, to identify any factual finding that is unsupported by the record or to explain how the Court erred in its legal analysis. After careful review of the record, we find no reason to disturb the District Court's determination that McIntosh was not in custody while speaking with the officers on the sidewalk.

Finally, McIntosh's attack upon the voluntariness of his statements and the consent to search the house lack merit in light of the evidentiary support in the record for the District Court's factual determinations. Accordingly, we will affirm the judgment of the District Court.